UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL A. McCOMBS, KIM R. HAMMONS, MICHAEL SCHALK, and MARTIN MADIGAN,<br><br>Plaintiffs<br><br>vs.<br><br>DAVID SNYDER, in his individual and official capacity, DOROTHY SNYDER, in her official capacity, and the TOWN OF ROSELAND, INDIANA,<br><br>Defendants | CAUSE NO. 3:05-CV-503 RM |

OPINION AND ORDER

The court declines to enter the preliminary injunction to which the parties have stipulated. To be enforceable, an injunction must be sufficiently specific that persons affected by the injunction can determine with reasonable certainty what is prohibited and what is allowed. *See* EEOC v. Severn Trent Svcs., Inc., 358 F.3d 438, 445 (7th Cir. 2004). The order tendered by the parties does not quite provide that degree of specificity.

Subparagraph (G) addresses the extent to which the Town, its agents, and employees "may enforce its Sign Ordinance against any sign containing a political message (as defined herein) . . .," but the proposed order does not define "political message." It may be that the drafters intended to refer back to subparagraph (A), but that subparagraph offers no definition. Because the court cannot determine

the definition of "political message" to which subparagraph (G) refers, no layperson or entity can be required to comport its behavior in any way dependent upon that definition. The court could modify the order's language, but neither the order nor the stipulation inform the court of the parties' intent.

Accordingly, the court declines to enter a preliminary injunction in the form to which the parties have agreed. The court will, of course, consider any subsequent submission of a proposed agreed order.

ENTERED:   October 27, 2005


　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court